# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

JOSEPHINE AMOATENG and : 
EHUI AMONIN, :
 :
    Plaintiffs, :
 : CIVIL ACTION NO.
v. : 1:16-CV-01098-RWS
 :
DEXTER NICKERSON, BUEL, :
INC., and CHEROKEE :
INSURANCE CO., :
 :
    Defendants. :

## ORDER

This case comes before the Court on Defendants' Motion for Summary Judgment on Punitive Damages and Direct Negligence Claims [48]. After reviewing the record, the Court enters the following Order.

## Background

This case arises out of a collision on June 6, 2014, between Defendant Dexter Nickerson ("Defendant Nickerson") and Plaintiff Josephine Amoateng ("Plaintiff Amoateng"). (Defs.' LR 56.1 Statement of Undisputed Material Facts ("Defs.' SUMF"), Dkt. [48-9] ¶ 1.) At the time, Defendant Nickerson was driving a tractor-trailer as the employee of Defendant Buel, Inc.

("Defendant Buel"). (Id. ¶ 2.) Defendant Buel is a named insured under a policy covering the vehicle at issue with Defendant Cherokee Insurance Company. (Id. ¶ 8.)

On June 6, 2014, the tractor-trailer driven by Defendant Nickerson overturned and collided with a vehicle driven by Plaintiff Amoateng. (Answer, Dkt. [5] ¶ 14.) As a result, Defendant Nickerson was cited for unsecured load. (Defs.' SUMF, Dkt. [48-9] ¶ 11.)

On April 4, 2016, Plaintiff Amoateng filed this suit seeking to recover for her resulting injuries. She has brought claims for negligence against Defendant Nickerson (Count I), for respondeat superior against Defendant Buel (Count II), for negligence against Defendant Buel (Count III), and punitive damages (Count IV). Plaintiff Ehui Amonin, her husband, has also brought a claim for loss of consortium (Count V). Together they bring a claim against Defendant Cherokee Insurance Company (Count VI). On August 16, 2017, Defendants filed their Motion for Summary Judgment on Punitive Damages and Direct Negligence [48], which the court will now address.

## Discussion

### I. Legal Standard

Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

The applicable substantive law identifies which facts are material. Id. at 248. A fact is not material if a dispute over that fact will not affect the outcome of the suit under the governing law. Id. An issue is genuine when the evidence

3

is such that a reasonable jury could return a verdict for the non-moving party. Id. at 249–50.

Additionally, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). No genuine issue of material fact exists "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323. Thus, if a party who has the burden of proof fails to make a showing sufficient to establish the existence of any essential element to a claim, summary judgment may be properly granted against him.

Finally, in resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party. Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir. 2002). But, the court is bound only to draw those inferences that are reasonable. "Where the record taken as a whole could not lead a rational trier

4

of fact to find for the non-moving party, there is no genuine issue for trial." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249–50 (internal citations omitted); see also Matsushita, 475 U.S. at 586 (once the moving party has met its burden under Rule 56(a), the nonmoving party "must do more than simply show there is some metaphysical doubt as to the material facts").

**II.  Analysis**

Defendants seek summary judgment on Plaintiffs' claims for punitive damages against Defendants (Count IV) and direct negligence against Defendant Buel (Count III). They first argue that Plaintiffs have failed to meet their burden as to a claim for punitive damages. As a result, they argue, the claims for direct negligence against Defendant Buel must also be dismissed since Defendant Buel has admitted that respondeat superior applies in this case. The Court will address each argument in turn.

A.  Punitive Damages (Count IV)

"Punitive damages may be awarded only in such tort actions in which it

5

is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." O.C.G.A. § 51-12-5.1(b). Negligence, or even gross negligence, is not enough to support a claim for punitive damages. Durben v. Am. Materials, Inc., 503 S.E.2d 618, 619 (Ga. Ct. App. 1998). Plaintiffs allege that the Defendants' actions meet this standard.

As to Defendant Nickerson, in "cases involving automobile collisions, punitive damages are authorized when the accident results from a pattern or policy of dangerous driving, such as excessive speeding or driving while intoxicated, but not when a driver simply violates a rule of the road." Lindsey v. Clinch Cty. Glass, Inc., 718 S.E.2d 806, 807 (Ga. Ct. App. 2011). Here, Defendant Nickerson was cited for unsecured load after the collision. (Defs.' SUMF, Dkt. [48-9] ¶ 11.) There is nothing to suggest that he was under the influence of drugs or alcohol at the time of the collision. (Id. ¶¶ 13–14.) There is also no evidence of a pattern or policy of dangerous driving. Since 2006, Defendant Nickerson had not been involved in a motor vehicle collision while operating a commercial vehicle. (Id. ¶ 17.) In 2010 he was involved in a

6

single vehicle accident due to a tire blow out, and no one was injured. (Id. ¶ 18.) Plaintiffs have provided no additional evidence to support a conclusion that Defendant Nickerson had a pattern or policy of dangerous driving. As such, Plaintiffs' claim for punitive damages against Defendant Nickerson fails.

As to Defendant Buel, in a claim for negligent hiring, training, supervision, and retention in the motor vehicle context, to recover punitive damages Plaintiffs must show "some facts to support a conclusion that the employer acted with such an entire want of care as to raise a presumption of conscious indifference to the consequences." W. Indus., Inc. v. Poole, 634 S.E.2d 118, 121 (Ga. Ct. App. 2006) (internal quotations and alterations omitted). "A plaintiff can shoulder this burden of proof only by showing that an employer had actual knowledge of numerous and serious violations on its driver's record, or, at the very least, when the employer has flouted a legal duty to check a record showing such violations." Id. (citing Smith v. Tommy Roberts Trucking Co., 438 S.E.2d 54, 57–58 (Ga. Ct. App. 1993)). "[A] jury may award punitive damages even where the clear and convincing evidence only creates an inference of the defendant's conscious indifference to the consequences of [its] acts." Tookes v. Murray, 678 S.E.2d 209, 213 (Ga. Ct.

7

App. 2009). Summary judgment is, however, appropriate when there is insufficient evidence from which a jury can presume conscious indifference to the consequences. Bartja v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., 463 S.E.2d 358, 361 (Ga. Ct. App. 1995).

Plaintiffs argue that Defendant Buel is liable for punitive damages for several reasons. First, they argue that Defendant Buel's failure to follow federal rules and regulations may be sufficient evidence of bad faith to survive summary judgment as to punitive damages. They are correct that such a failure can support an award of punitive damages, but only when the relevant rules relate to a defendant's duty to learn of a employee's driving record prior to an accident. See, e.g., Smith, 435 S.E.2d at 57 (holding that punitive damages may be awarded when the employer fails to check its employee's driving record as required by federal rules and regulations); Royalston v. Middlebrooks, 696 S.E.2d 66, 73 (Ga. Ct. App. 2010) (upholding denials of motions for directed verdict and judgment notwithstanding the verdict on punitive damages when the employer had no motor vehicle reports in the defendant employee's records).

Plaintiffs point to two federal rules and regulations that Defendant Buel

8

failed to follow. As to the rule requiring post-accident drug and alcohol testing, 49 C.F.R. § 382.303, this rule does not relate to the employer's pre-accident knowledge of its employee's driving history. In addition, Defendant Buel has provided evidence showing that it did in fact test Defendant Nickerson for drug and alcohol use following the accident. (Suppl. Ex. A, Dkt. 63-1].) As to the requirement that an employer perform a background check and look into its employee's driving history, Plaintiff's argument seems to be predicated on Defendant Buel's failure to produce its personnel file of Defendant Nickerson during discovery. Since Plaintiffs have the burden of proof, however, this is insufficient to show that Defendant Buel failed to investigate to the extent required by law. In addition, a failure to investigate cannot support a claim of punitive damages unless the record would have shown other violations by the employee. See Smith, 435 S.E.2d at 57. The undisputed evidence here shows that even if Defendant Buel failed to properly investigate, any investigation would have failed to produce any disqualifying information as to Defendant Nickerson. (Defs.' DUMF, Dkt. [48-9] ¶¶ 17–19.) Plaintiffs have therefore failed to meet their burden as to this theory for punitive damages.

9

Next, Plaintiffs argue that Defendant Buel had a system in place encouraging and rewarding unlawful behavior upon which an award of punitive damages may be based. They first point to Defendant Buel's failure to provide training to Defendant Nickerson. However, trucking companies are not required by the Federal Motor Carrier Safety Regulations to train their drivers. Ortiz v. Wiwi, No. 3:11-CV-00033, 2012 WL 4468771, at *4 (M.D. Ga. Sept. 26, 2012). In addition, an employer need not subject a driver to a road test if he has a valid Commercial Driver's License. 49 C.F.R. § 391.33. Defendant Nickerson held a valid Commercial Driver's License. (Ex. D, Dkt. [48-5], at 3.) Defendant Buel's failure to provide training is therefore an insufficient basis on which punitive damages may be awarded.

Plaintiffs next point to the fact that Defendant Buel previously assigned Defendant Nickerson a tractor trailer that was falling apart and that Defendant Nickerson was driving in a manner beyond the capabilities of his trailer to support the conclusion that the collision resulted from a pattern of misconduct. The Court finds, however, that this is insufficient evidence from which a jury could find by clear and convincing evidence that Defendant Buel's "actions showed wilful misconduct, malice, fraud, wantonness, oppression, or that entire

10

want of care which would raise the presumption of conscious indifference to consequences." O.C.G.A. § 51-12-5.1(b). Evidence of only this one isolated incident is not enough to show a pattern of behavior sufficient for an award of punitive damages.

Since Plaintiffs have failed to meet their burden as to punitive damages at the summary judgment stage, Count IV is **DISMISSED**.

B.  Claim for Negligence Against Defendant Buel (Count III)

Under Georgia law, "when an employer admits the applicability of respondeat superior, it is entitled to summary judgment on claims for negligent entrustment, hiring, and retention. The rationale for this is that, since the employer would be liable for the employee's negligence under respondeat superior, allowing claims for negligent entrustment, hiring, and retention would not entitle the plaintiff to greater recovery, but would merely serve to prejudice the employer." Kelley v. Blue Line Carriers, LLC, 685 S.E.2d 479, 483 (Ga. Ct. App. 2009) (quoting Durben, 503 S.E.2d at 619). If, however, there is "a valid claim for punitive damages against the employer based on its independent negligence in hiring and retaining the employee or entrusting a vehicle to such employee . . . it cannot be said that the negligence claims against the employer

11

are merely duplicative of the respondeat superior claim." Id. In those circumstances, summary judgment for the employer is not appropriate. Id.

Defendants have admitted that the doctrine of respondeat superior applies to this case. (Defs.' SUMF, Dkt. [48-9] ¶ 7.) As discussed above, Plaintiffs do not have a valid claim for punitive damages against Defendant Buel on the direct negligence claims. As such, Defendant Buel is entitled to summary judgment as to the direct claim of negligence. Count III is therefore **DISMISSED**.

## Conclusion

In accordance with the forgoing, Defendants' Motion for Summary Judgment on Punitive Damages and Direct Negligence Claims [48] is **GRANTED**. Counts III and IV are therefore **DISMISSED**.

**SO ORDERED**, this 27th day of November, 2017.

_____
**RICHARD W. STORY**
United States District Judge